## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD G. ALLEN, #B-02617,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO. 10-cv-885-GPM** |
| | ) | |
| **JAN FISS, MARY JO JALINSKY,** | ) | |
| **TARA MENDOLA, MARIE ZAIZ, AMY** | ) | |
| **OLLER, BEN LOUDEN, JIM FERRY,** | ) | |
| **AUBRIE BIEVENUE, JAMES** | ) | |
| **GOMRIC, and ST. CLAIR COUNTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Richard G. Allen, an inmate in Lawrence Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events prior to and

during his trial in St. Clair County that led to his conviction and incarceration. Plaintiff is serving a 30

year sentence for armed robbery. This case is now before the Court for a preliminary review of the

complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon
> as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress
> from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or
> dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may
> > be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such
> > relief.

28 U.S.C. § 1915A.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a government official,

acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States." *Heyde v. Pittenger,* 633 F.3d 512, 516 (7th Cir. 2011). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and dismiss this action.

**The Complaint**

Plaintiff was convicted of armed robbery after a jury trial, and sentenced on May 6, 2010, by Defendant St. Clair County Circuit Judge Jan Fiss to 30 years imprisonment. (*People v. Richard G. Allen,* St. Clair County Case No. 09-CF-1456; www.circuitclerk.co.st-clair.il.us/icjSearch.htm; www.idoc.state.il.uls/subsections/search/inms, both sites last visited June 14, 2011). Plaintiff's complaint alleges that his civil rights were violated by a conspiracy between the trial judge (Defendant Fiss), prosecutor (Defendant Tara Mendola), the attorney for Plaintiff's co-defendant (Defendant James

Gomric), and other Defendants to wrongly prosecute and convict him in an unfair trial based on false information.

Plaintiff's allegations begin with his arrest: Defendant Jim Ferry, a U.S. Marshal, falsely informed other law enforcement officers that Plaintiff was "wanted for murder and has a history of shooting at cops" (Doc. 1, p. 4). Plaintiff claims that this statement resulted in false charges against Plaintiff, and in Plaintiff's family and others being placed in danger when over thirty police officers surrounded a five-block area to arrest Plaintiff.

Plaintiff complains that Defendant Ben Louden, a police officer, lied to the grand jury and attempted to coerce Plaintiff to confess when Plaintiff was arrested without a warrant.

Plaintiff alleges that his indictment was unconstitutional and violated Illinois law, based on Plaintiff's claim that he never was armed or personally discharged a firearm during the incident that resulted in his armed robbery charge. He states that his sentence was improper and violated the Proportionate Penalty Clause.

Plaintiff's complaints associated with his trial are as follows. Plaintiff alleges that Defendant Judge Fiss that improperly seated a juror despite this juror having served as a sheriff's deputy for twenty-five years and having an ex-wife who, at the time of the trial, was married to Defendant Jim Ferry (Defendant Ferry was anticipated to be a defense witness). Plaintiff claims Defendant Fiss was biased against him, improperly quashed a subpoena for one of Plaintiff's witnesses (his co-defendant Nicholas Bridell), violated Plaintiff's right to call witnesses, and improperly struck testimony as hearsay. Plaintiff complains that Defendant Fiss permitted Defendant Gomric to interrupt Plaintiff's court proceedings with a verbally abusive tirade. Plaintiff claims that Defendants Fiss and Gomric together intimidated witness/co-defendant Nicholas Bridell from testifying in Plaintiff's favor. Defendant Fiss later fined Plaintiff for criminal contempt, and improperly ordered the $500 fine

deducted from Plaintiff's jail account. Defendant Bievenue, a sheriff's deputy, and Defendant Oller, a court clerk, allowed the fine to be deducted from Plaintiff's account. Defendant Mendola violated the judge's order not to discuss the case, by improperly giving information to prosecution witnesses in preparing them to testify. Defendants Jalinsky and Zaiz, the court reporter and clerk, respectively, refused to produce a transcript of off-the-record proceedings concerning Defendant Fiss' quashing of the subpoena for witness/co-defendant Bridell. Plaintiff also complains that Defendant Bievenue purposely ordered the wrong law books for Plaintiff after Defendant Fiss authorized Plaintiff's purchase of legal material.

## Discussion

Plaintiff's claims against Defendants Fiss, Mendola, Louden, Ferry and Gomric for improperly arresting and trying him on the armed robbery charge, taken together, boil down to a malicious prosecution claim. Even if Plaintiff had been exonerated after the conclusion of his criminal case (one of the elements of the tort of malicious prosecution, *Treece v. Village of Naperville*, 903 F. Supp. 1251, 1257 (N.D. Ill. 1995)), Plaintiff cannot maintain a § 1983 action for such a claim. *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]llegations that criminal proceedings were . . . based on false evidence or testimony . . . is, in essence, [a claim] for malicious prosecution, rather than a due process violation." (internal citation omitted)). The availability of a tort claim for malicious prosecution in Illinois state court "knocks out any constitutional theory of malicious prosecution," because the state law remedy is adequate to satisfy due process. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001).

Furthermore, Plaintiff's allegations of conspiracy against these Defendants fail to state a claim. Conspiracy is not an independent basis of liability in §1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "[T]here is no

constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). Because the alleged malicious prosecution of Plaintiff is not actionable as a constitutional violation, the alleged conspiracy among the Defendants here cannot form the basis for a constitutional claim.

Even if Plaintiff were to have stated a potential constitutional claim against Defendant Judge Fiss and Defendant Prosecutor Mendola, they are immune from suit. Judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. 335, 347, 20 L. Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir. 1989), *cert. denied,* 493 U.S. 956 (1989). As to Defendant Mendola, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Defendants Jalinsky and Zaiz, the court reporter and court clerk, while not absolutely immune, may be entitled to quasi-judicial immunity if they were acting at the discretion of a judge. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436-38 (1993); *Schneider v. Cnty. of Will*, 366 Fed. App'x 683, 685 (7th Cir. 2010).

In reference to Plaintiff's complaint that Defendants Jalinsky and Zaiz refused to produce a transcript of an off-the-record discussion between Defendant Judge Fiss and Defendant Gomric, Plaintiff includes among his exhibits the relevant transcript page as well as a number of other transcript excerpts (Doc. 1-1, p. 15, 24-32, 35-47; Doc. 1-2, 35 pages of transcripts). These transcripts reflect that Plaintiff acted as his own attorney during his trial, and also demonstrate that Plaintiff appears to have obtained all the transcripts that he requested save the off-the-record discussion he complains of. Lines 10 to 13 on Page 15, Doc. 1-1, have been highlighted by Plaintiff, alleging that the court reporter did not record what was said off the record, in order to protect Defendants Gomric and Fiss. However,

Plaintiff was present in court at the time and, acting as his own counsel, could have requested the discussion to be recorded or could have registered an objection to preserve any error. The transcript shows that he did neither, and he now seeks to blame Defendants Jalinsky and Zaiz for a situation Plaintiff had the opportunity to correct. In essence, Plaintiff's complaint over the lack of a transcript for this portion of the proceedings merges into his malicious prosecution/conspiracy complaints, which fail to state a cause of action for any constitutional deprivation.

Defendant Gomric also cannot be subject to a federal § 1983 suit, albeit for a different reason. Defendant Gomric is a private attorney, not a state actor, and only a person acting under color of state law may be sued under § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.,*, 311 F.3d 851, 852-53 (7th Cir. 2003). This Court reached the same conclusion in the order dismissing Plaintiff's action against the same Defendant in *Allen v. Gomric*, Civil No. 10-878-GPM (S.D. Ill. filed Nov. 4, 2010; dismissed April 14, 2011 in Doc. 5), and need not repeat that discussion here.

More importantly, Plaintiff's claims of error during his arrest, indictment, and trial are matters that should be raised on direct appeal of Plaintiff's conviction, or (if appropriate) in a state court post-conviction petition. If Plaintiff fails to raise these claims in the appropriate state court proceeding, he may forfeit the opportunity for any judicial review. Plaintiff does not indicate in his complaint whether he filed a direct appeal or a post-conviction petition, or whether any such action is still pending in court. If any appeal or post-conviction action is indeed ongoing, it would be improper for this Court to intervene. Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).

Plaintiff may at some point be able to seek review of appropriate issues in a federal habeas corpus proceeding under 28 U.S.C. § 2254. However, before doing so, Plaintiff is required to exhaust his available remedies in state court. *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991).

None of Plaintiff's other miscellaneous allegations state a constitutional claim. The allegedly improper deduction by Defendants Bievenue and Oller of the $500 fine from Plaintiff's jail account, like the allegation that Defendant Bievenue misused Plaintiff's funds by purposely ordering the wrong law books, are claims that must be brought in state court. The only constitutional right that might be implicated by these facts would be Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).

One other matter regarding a Defendant requires comment. Although it appears that the Clerk inadvertently omitted St. Clair County from the list of Defendants, Plaintiff did include Defendant St. Clair County in the caption of his complaint and among his enumerated Defendants (Doc. 1, p. 1-2). However, Plaintiff fails to outline any allegations against Defendant St. Clair County aside from the statement that it employs most of the other Defendants.

Merely invoking the name of a potential defendant is not sufficient to state a claim against that

defendant.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Furthermore, governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy.  *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006); *see also Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 694 (1978).  Not only has Plaintiff failed to allege any official custom or policy that led to any deprivation of his constitutional rights, he has failed to establish any unconstitutional acts on the part of any of the Defendants employed by Defendant St. Clair County.  Plaintiff therefore has no claim against Defendant St. Clair County.

Finally, just as Plaintiff failed to fully disclose his litigation history when he filed his complaint in *Allen v. Gomric*, Civil No. 10-878-GPM (S.D. Ill. filed Nov. 4, 2010), he omitted the fact in the instant complaint that he had previously filed another action in this Court (*Allen v. City of O'Fallon*, Civil No. 10-588-MJR (S.D. Ill. filed Aug. 5, 2010).  Where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court.  *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011).  Plaintiff is again **ADVISED** that if he files any future civil rights action, he must list in his complaint all previously-filed lawsuits, or face summary dismissal of his case.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state any claim upon which relief may be granted.  This action is therefore **DISMISSED** without prejudice to Plaintiff bringing his claims in an appropriate appeal or other action in state court, or in a petition for habeas corpus in federal court after he has exhausted all state court remedies.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under

the provisions of 28 U.S.C. § 1915(g).[1]  Plaintiff has previously incurred one other strike in *Allen v. Gomric*, Civil No. 10-878-GPM (S.D. Ill. filed Nov. 4, 2010, dismissed April 14, 2011).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** 7/7/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] A dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See, e.g., Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999)*; Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (history omitted); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998).